Opinion issued February 2,
2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00629-CR

NO.
01-11-00630-CR

____________

 








WILLIE TALTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 1247617 and 1254440

 

 



MEMORANDUM
OPINION








          Appellant,
Willie Derrick Talton, pleaded nolo contendere to the offense of robbery
involving bodily injury, and pleaded guilty to the offense of burglary of a
building with intent to commit theft with the additional plea of “true” to the
allegations in two felony enhancement paragraphs.  The trial court found appellant guilty of
both offenses, found the enhancements true, and, in accordance with the terms
of appellant’s plea bargain agreements with the State, sentenced appellant to two
years’ confinement.  Appellant filed a
pro se notice of appeal for both proceedings.  We dismiss the appeals. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal
must be dismissed if a certification showing that the defendant has the right
of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

Here, the trial court’s certifications
are included in the records on appeal. See
id.  The trial court’s certifications
state that these are plea bargain cases and that the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  Appellant did not appeal any
pre-trial matters, and the trial court did not give permission for appellant to
appeal. The records support the trial court’s certifications. See Dears v. State, 154 S.W.3d 610, 615
(Tex. Crim. App. 2005).  Because
appellant has no right of appeal, we must dismiss these appeals.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeals
for want of jurisdiction. We dismiss any  pending motions as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices
Higley and Brown.

 

Do not publish. 
Tex. R. App. P. 47.2(b).